IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEFFERY ADAMS, JR., | : | |
| Petitioner | : | |
| VS. | : | CIVIL ACTION NO.: 7:09-CV-123 (HL) |
| GEORGIA DEPARTMENT OF CORRECTIONS, | : | |
| Respondent | : | |

## ORDER

Petitioner **JEFFERY ADAMS, JR.**, an inmate at the Cook County Jail in Adel, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254.[1] He has paid the $5.00 filing fee.

According to his submissions, petitioner pled guilty to theft by taking and criminal trespass on February 13, 2009 in the Cook County Superior Court and received a ten-year sentence. Petitioner did not appeal this sentence.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

---

[1] Petitioner also filed a Petition for Writ of Error *Coram Nobis*. (R. at 2). In this petition, he requests the Court to "hold a hearing to determine why [he] was illegally searched and seized, illegally arrested, [and] denied due process and equal protection of the law . . . by agents of the State of Florida on June 14, 2007 and adopted by the State of Georgia on June 15, 2007." A writ of error *coram nobis* in the federal courts is a very limited remedy available to vacate a conviction when the petitioner has served his federal sentence and is no longer in custody. ***United States v. Peter***, 310 F.3d 709, 712 (11th Cir. 2002); ***Galatolo v. United States***, 196 Fed. Appx. 854 (11th Cir. 2006). Such is not the situation in this case. Petitioner is currently in custody pursuant to a conviction and sentence issued by the Superior Court of Cook County, Georgia, not this court or any other federal court. Therefore, petitioner is not entitled to *coram nobis* relief and his Petition for Writ of Error *Coram Nobis* is **DENIED.**

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge <u>shall</u> make an order for its summary dismissal and cause the petitioner to be notified.** (Emphasis added)

Upon initial review of the petition filed herein, it clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him. According to petitioner's submissions, petitioner has not filed a petition for writ of habeas corpus in the state courts.

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (citing ***Ex Parte Royall***, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v. Noia***, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be

permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to re-file once he has afforded the state courts an opportunity to review his grounds for relief.

**SO ORDERED**, this 15th day of October, 2009.

*s/  Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT COURT

lnb